John- M. Murtagh, J.
This is an article 78 proceeding to direct the respondent to issue a license to the petitioner as a master electrician.
• Petitioner passed the written and practical tests for the master electrician license. The Electrical License Board of the Department of Public Works, after a hearing, recommended the denial of petitioner’s application for licensing. The board unanimously recommending the denial because petitioner’s history of work experience indicated that he did not have seven and one-half years of employment experience as a “ journeyman electrician ”, as required by the provisions of subdivision a of section B30-10.0 of the Administrative Code of the City of New York.
Petitioner contends that respondent’s action in denying him the license was arbitrary, capricious and contrary to law.
Section B30-5.0 (subd. a, par. 6) of the Administrative Code expressly vests the Commissioner of the Department of Public Works with authority to issue, revoke and suspend licenses for electricians, upon recommendation of the License Board.
The aim of the Electrical Code, title B of chapter 30, of the Administrative Code of the City of New York, is the protection of life and property against the damages inherent in the use of electricity (Administrative Code, § B30-2.0). In this respect, careful regulation of the title of master electrician is necessary. In Matter of Spielvogel v. Ford (1 N Y 2d 558, 563-564 [1956]), the Court of Appeals stated that ‘ ‘ the master electrician is the person upon whom culpability is placed in the event that anything is improperly done, and it is he to whom the City of New York looks for full responsibility”. Thus, it is clear, that the respondent has an important responsibility to see that master *304 electricians are fit for that title. Once a master electrician’s license is issued he can engage without restriction and without further supervision in all branches of electrical contracting.
There is no definition of “ journeyman electrican ” in the code. However, the State Department of Labor, Division of Employment, requires a four-year period of training as an “ apprentice” before an electrician may be certified as a “master electrician”. The board held that since petitioner had only worked a total of eight years, one month, as an electrician, that the first four years constituted service as an “ apprentice ”, and the latter four years, one month, that of a “journeyman”. Thus, the board interpreted the code as requiring that applicants work a full seven and one-half years as a “ journeyman electrician ”. They found that the petitioner did not have the experience to qualify.
The Appellate Division, First Department, in Matter of Tchernoff v. Davidson (36 A D 2d 527) stated, in upholding the denial of a master electrician’s license: “The responsibility for seeing to it that a license is not given to an incompetent or unfit applicant is placed on the respondent. For that purpose the Licensing Board, comprised of persons whose expertise in the field is not challenged here, is provided. Unless the determination is so lacking in a reasonable basis that it can rightfully be styled arbitrary or capricious, it must be upheld.”
It is undisputed that petitioner had no experience' other than the' eight years, one month, employed as an electrician. The code specifically uses the term “ journeyman electrician ”. The court, in Sainthill v. Maevis (N. Y. L. J., July 11, 1972, p. 1.1, col. 3 [Sup. Ct., New York County] stated: “ The Board being experts ip. this field, quite reasonably looked to the four year period of training required by the State.Department of Labor, Division of Employment. This Department has set. down detailed requirements for rising from an 1 apprentice ’ to a ‘ journeyman ’ electrician, and grants a certificate upon meeting the requirements.” Thus, the board’s interpretation of the code as requiring the full seven and one-half years’ experience to be ■a “journeyman electrician” is certainly not an unreasonable reading of the statute.
Therefore, there is a reasonable basis both in the facts and the statute to support respondent’s determination. The denial of the license was not arbitrary, capricious or contrary to law. The application is denied.